IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RUSS CAPPELLO,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV596 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| **FIRST NATIONAL OF NEBRASKA, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's Motion to Compel (Filing No. 21). The plaintiff filed an index of evidence (Filing No. 22) in support of the motion and a brief (Filing No. 23). The defendant did not file a response to the motion.

## BACKGROUND

The plaintiff is pursuing claims against his former employer based upon allegations of violations of his civil rights arising under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq* (Title VII). **See** Filing No. 1. The plaintiff alleges the defendant engaged in unlawful employment practices and discriminated against the plaintiff on account of his sex by subjecting him to unwanted sexual advances and subjecting him to a hostile, offensive, and intimidating work environment (Claim I). *Id*. The plaintiff also alleges the defendant retaliated against the plaintiff when the plaintiff opposed the acts of discrimination by the defendant. *Id*. Additionally, the plaintiff claims the defendant retaliated against the plaintiff by participating in the Equal Employment Opportunity Commission (EEOC) proceedings in violation of Title VII (Claim II). *Id.*

The plaintiff filed his complaint on September 18, 2006. (Filing No. 1). The court entered an Initial Progression Order on May 24, 2007, setting various deadlines in this matter (Filing No. 13). The mandatory disclosures deadline set by this court was June 15, 2007. **See** *Id*. On June 12, 2007, the defendant served the plaintiff a Notice of service of the first set of interrogatories and the first requests for production of documents. **See** Filings Nos. 15 and 16. The defendant claims the plaintiff failed to respond to the first set

of interrogatories and request for production of documents within the time period allowed by the Federal Rules of Civil Procedure. **See** Filing No. 21. The defendant asserts that the defendant's counsel made various requests of the plaintiff's counsel to provide discovery responses and agreed to extend the plaintiff's response date on a number of occasions. *Id*. On each occasion the deadline passed without the responses being provided. *Id*. The defendant presented evidence, the plaintiff's counsel sent an e-mail to the defendant's counsel on July 27, 2007, stating the defendant's counsel would provide the discovery responses by August 1, 2007. **See** Filing No. 22-4, Exhibit 3 p. 6. The defendant did not receive the requested discovery by August 1, 2007. **See** Filing No. 21. On August 8, 2007, the defendant's counsel requested the discovery responses in an e-mail to the plaintiff's counsel. **See** Filing No. 22-4, Exhibit 3 p. 5. On August 10, 2007, the plaintiffs counsel sent a response e-mail to the defendant's counsel in which the plaintiff's counsel stated:

> I appreciate your patience. As of today, I have not heard from my client and am unable to get responses to you by the close of the business as I am missing documents and do not have his signature for the [i]nterrogatories.
>
> I am hopeful you will allow a few additional days to pass before a motion to compel; however, I understand there is a limit to everyone's patience and fully understand that sometimes such motions are necessary to motivate non-compliant parties.

**See** *Id*. On August 13, 2007, the plaintiff's counsel sent the defendant's counsel an e-mail stating: "Bob: My client is coming by tomorrow. I will have the discovery hand delivered before 4:30. Should there be any problems, I will let you know immediately and deliver what I have. Thank you." **See** *Id*. at p. 3. On Friday, August 17, 2007, the plaintiff's counsel provided the requests for the production of documents, but stated in an e-mail to the defense counsel that the plaintiff's counsel could not "provide the interrogatories at this time." **See** *Id*. at p. 1. 12. On August 21, 2007, the defendant filled this motion compelling the plaintiff to fully respond to the discovery. **See** Filing No. 21. Specifically, the defendant seeks an order of this court requiring the plaintiff to fully answer the interrogatories and without objection. *Id*. The defendant also seeks an order of this court compelling the

plaintiff to fully answer the following Requests for Production Nos. 1[1] (requesting the plaintiff to produce all documents in interrogatory No. 2), 6 (requesting the plaintiff to produce all documents in interrogatory No. 9), 7 (requesting the plaintiff to produce all documents in interrogatory No. 10), 8 (requesting the plaintiff to produce all documents in interrogatory No. 11), and 9 (requesting the plaintiff to produce all documents in interrogatory No. 12) without objection. *Id*. Additionally, the defendant requests costs, including reasonable attorney's fees, in pursuing the current motion to compel. *Id*.

## ANALYSIS

The plaintiff did not file a response to the defendant's Motion to Compel (Filing No. 21) and has failed to demonstrate how each discovery request is improper. Thus, the defendant's Motion to Compel (Filing No. 21) is granted. Accordingly, the plaintiff will be required to fully respond to the defendant's first set of interrogatories and requests for production Nos. 1, 6, 7, 8, and 9, without objection.

With regard to motions to compel discovery responses, Federal Rule of Civil Procedure 37(a)(4)(A) provides:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

---

[1] The defendant states:
   Request for Production No. 1 seeks copies of "written or mechanically recorded statements, or reports, concerning in any manner to this lawsuit." Plaintiff "objects" by stating that the requested information is not in his possession. If no such documents exist, Plaintiff should simply answer that none are in existence; if they are in the possession of others, he should note that, especially since he has not provided Interrogatory answers.

**See** Filing No. 21.

Fed. R. Civ. P. 37(a)(4)(A). The plaintiff's failure to provide adequate discovery responses required the defendant to file a motion to compel. The court shall, after the plaintiff has a chance to respond, grant the defendant's reasonable expenses for filing such motion, unless the plaintiff shows substantial and legal justification for the failure to provide discovery responses. **See** Fed. R. Civ. P. 37(a)(4)(A).

**IT IS ORDERED:**

1. The motion to compel (Filing No. 21), is granted, and the plaintiff shall, serve answers to the pending interrogatories and responses to the pending requests for production of documents **on or before September 24, 2007,** without objection. Failure to do so may result in appropriate sanctions.

2. The plaintiff shall have to **on or before September 24, 2007**, to show cause why the defendant should not be awarded reasonable costs and attorney's fees incurred in bringing this motion to compel, in accordance with Fed. R. Civ. P. 37(a)(4)(A).

DATED this 13th day of September, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge